**GILBERTON CONTRACTING COM-
PANY, Inc.**

v.

**Kenneth O. HOOK, District Director of
Internal Revenue.**

**UNITED STATES of America**

v.

**The RHOADS COMPANY, Inc.**

**UNITED STATES of America**

v.

**GILBERTON CONTRACTING COMPA-
NY, Inc., the Rhoads Company, Inc.
and Park Trent Coal Company, Inc.**

**Civ. A. Nos. 25474, 26079 and 27696.**

United States District Court
E. D. Pennsylvania.

May 7, 1969.

LaBrum & Doak, Lewis Weinstock, Philadelphia, Pa., for Gilberton Contracting Co.

Drew J. T. O'Keefe, U. S. Atty., Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa., David H. Hopkins, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., for the United States.

George I. Puhak, Joseph J. Ustynoski, Israel T. Klapper, Hazleton, Pa., for Park Trent Coal Co., Inc.

OPINION

KRAFT, District Judge.

All of the background and facts involved in this case have been exhaustively set forth in our prior reported opinions.[1] For purposes of present adjudication, we will briefly set forth the relevant facts.

1. 255 F.Supp. 687 and 267 F.Supp. 393.

This is a petition for allowance of counsel fees submitted by counsel for Park Trent, one of the defendants herein. Petitioners seek to impress their claim upon a fund derived from the public sale of a pile of silt and culm. The sale was effectuated after protracted litigation wherein the United States sought to collect unpaid taxes from Rhoads and Park Trent.

The instant litigation was initiated by the United States, except C.A. 25474, which was filed by Gilberton, alleging a wrongful levy by the Government on the property of Gilberton. A pivotal issue in these cases was whether or not Park Trent had abandoned all of its right, title and interest in the pile of silt. We concluded that Park Trent and Gilberton were tenants in common to the pile with equal equities in the conglomerate mass.

On this aspect of the case Park Trent assisted and cooperated with the Government in establishing the nonabandonment by Park Trent of the silt. It has now been represented that counsel for Park Trent prodded the Government into expediting the filing of the complaints. There is no evidence, however, that the Government would not have commenced these actions but for the insistence of Park Trent. After it ceased to operate the coal breaker in 1955, Park Trent never brought any action against Gilberton to assert a claim of ownership, in whole or in part, to the silt.

Petitioners stress that equitable principles control the disposition of this matter since they claim to have made substantial contributions to the creation of the fund. While it is evident that counsel for Park Trent ably and efficiently assisted the Government in defeating Gilberton's claim to the entire pile of silt, we cannot find that the fund was created by them or would not exist except for their efforts.

During the litigation it was impossible to ascertain any market value of the pile.[2] It was only when the actual public sale was held that the true worth of the pile was determined. Fortunately for the Government and Park Trent the sale produced funds sufficient to satisfy the Government's tax lien and to have a small surplus available to Park Trent.

In all of the cases cited by the petitioners the fund was either "created" by the attorneys; or, such services rendered were "primary"; or, the fund would not have existed "except for" the efforts of the attorneys seeking the allowance of fees.

Section 6323(b) (8) of the Internal Revenue Code of 1954 Title 26, affords petitioners no support.

Accordingly, we conclude that there is no unjust enrichment to the United States, because the services of petitioners did not create the fund nor were their efforts primary in causing the fund to come into existence.

## ORDER

Now, this 7th day of May, 1969, it is ordered that the petition for allowance of counsel fees be, and it is, denied.

---

2. Finding of Fact No. 5, 255 F.Supp. 393, 394.